UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

```
P.F. TECHNOLOGIES, INC.,          )
                                  )
            Plaintiff,            )
                                  )
       v.                         )        No. 2:07 CV 2 DDN
                                  )
CONTINENTAL CEMENT COMPANY,        )
                                  )
            Defendant.            )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant Continental Cement Company for leave to file its first amended answer and counterclaim. (Doc. 64.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 37.)

**I.  BACKGROUND**

Plaintiff P.F. Technologies originally brought this action in the Court of Common Pleas of Lawrence County, Pennsylvania, on September 13, 2006. On October 5, 2006, defendant Continental Cement Company (Continental Cement) removed the action to the United States District Court for the Western District of Pennsylvania. On the motion of Continental Cement, the district court transferred the case to this district on December 29, 2006. (Doc. 22); P.F. Techs., Inc. v. Cont'l Cement Co., No. Civ. A. 06-1337, 2006 WL 3842090, at *2, 7 (W.D. Pa. Dec. 29, 2006).

On January 9, 2007, Continental Cement filed its answer to the original complaint and a counterclaim against P.F. Technologies. (Doc. 25.) On February 7, 2007, P.F. Technologies answered the counterclaim. (Doc. 36.) On February 9, 2007, the court issued a Case Management Order (CMO). The CMO stated that any amendments to pleadings must be filed no later than March 30, 2007, and discovery must be completed by August 30, 2007. (Doc. 40.) On March 30, 2007, P.F. Technologies filed an amended complaint. (Doc. 43.) On April 19, 2007, Continental Cement filed its answer to the amended complaint. (Doc. 44.)

On July 16, 2007, the court issued the first amended CMO, extending discovery until November 30, 2007, and setting a jury trial date for June 9, 2008. Any dispositive motions were to be filed by January 15, 2008. (Doc. 58.) On September 14, 2007, the parties were given until December 1, 2007, to complete mediation. (Doc. 61.) Finally, on October 9, 2007, the court issued a second amended CMO, extending the deadlines for disclosing and deposing expert witnesses. Under the second amended CMO, the defendant was to disclose its expert witnesses and reports by October 31, 2007, and have depositions completed by November 22, 2007. The plaintiff was to disclose its rebuttal experts and reports by December 7, 2007, and have depositions completed by December 22, 2007. (Doc. 63.)

## II.  MOTION TO AMEND

On October 25, 2007, Continental Cement filed its motion for leave to amend its answer and counterclaim. (Doc. 64.) Continental Cement seeks to add an affirmative defense to its answer and a claim for restitution to its counterclaim. The affirmative defense states that P.F. Technologies failed to obtain a certificate of authority to transact business and to perform professional engineering services in Missouri. (Doc. 64, Ex. A at 5, 10-11.)

In support of the motion, Continental Cement argues that it discovered the additional defense and counterclaim only after recently conducting discovery. It claims the amendments would not prejudice P.F. Technologies. Specifically, Continental Cement argues P.F. Technologies has known it lacked the authority to transact business and provide professional engineering services in Missouri, the amendments would not delay any trial, the trial date remains some seven months away, and the nature of the amendments would not require the parties to conduct further discovery. Finally, Continental Cement notes that on June 28, 2007, it changed counsel. (Docs. 64, 66.)

In response, P.F. Technologies argues the original CMO required that any amendments be made back on March 30, 2007, seven months ago, and Continental Cement never requested an extension for filing amendments. P.F. Technologies also argues Continental Cement seeks to

add answers and counterclaims based on new legal theories with additional damages, and the amendments will require additional discovery and extension of the time for mediation. P.F. Technologies claims that granting the amendments will cause it tremendous prejudice because it named its experts four months ago, discovery must be completed by November 30, 2007, and an important witness, already deposed, has now relocated to California. Finally, P.F. Technologies asserts that its professional registration status in Missouri has been available from the onset of the litigation. (Doc. 65.)

### III. DISCUSSION

The Federal Rules of Civil Procedure support a liberal policy on amendments to pleadings. Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). Before a responsive pleading has been filed, a party may amend its pleadings once as a matter of course. Fed. R. Civ. P. 15(a). If the pleading requires no response and the action has not been placed on the trial calendar, the party may amend its pleading within twenty days of service. Id. In this case, P.F. Technologies has responded to Continental Cement's counterclaim and the lawsuit has been placed on the trial calendar. Under the circumstances, Continental Cement may amend its pleadings only by leave of court. Id. Under Rule 15, leave shall be given where justice so requires. Id.; Forman v. Davis, 371 U.S. 178, 182 (1962).

A district court may deny leave to amend only for a limited number of reasons. See Dennis, 207 F.3d at 525. Undue delay, the moving party's bad faith or dilatory motive, a repeated failure to cure the deficiencies through previous amendments, futility of the amendment, or undue prejudice to the opposing party, justify denying a motion to amend. Id. Delay alone provides insufficient grounds to deny leave to amend. Id. Likewise, the "adverse party's burden of undertaking discovery, standing alone," provides insufficient grounds to deny leave to amend. Id. The party opposing a motion to amend must show the amendment will create unfair prejudice. Id. That said, any prejudice to the nonmoving party must also be weighed against prejudice to the

moving party, by denying the amendment.  <u>Bell v. Allstate Life Ins. Co.</u>, 160 F.3d 452, 454 (8th Cir. 1998).

**March 30, 2007 Deadline**

   P.F. Technologies first points to the March 30, 2007, deadline for amendments as grounds for denying the motion to amend.  Yet, delay alone is insufficient grounds for denying a motion to amend.  <u>Dennis</u>, 207 F.3d at 525; <u>Bell</u>, 160 F.3d at 454.  Issues of delay must be considered with other factors showing prejudice to the nonmoving party.  <u>See</u> <u>Bell</u>, 160 F.3d at 454.

**Additional Defenses**

   P.F. Technologies objects to the addition of new defenses.  In its original answer, Continental Cement defended against the plaintiff's breach of contract and unjust enrichment claims by asserting defenses based on failure of consideration and mutuality, anticipatory breach, and unclean hands, among others.  (Doc. 25.)  In its amendment, Continental Cement seeks to add defenses based on the plaintiff's failure to obtain certificates of authority to transact business and perform professional engineering services in the state of Missouri.

   In its response, P.F. Technologies argues that its registration status has been available since the beginning of the lawsuit and that the change of counsel does not justify the amendment.  Continental Cement changed its counsel in late June 2007 - an event that provided "an opportune time for re-examination of critical pleadings." <u>Mauzy v. Edward Kraemer & Sons, Inc.</u>, No. Civ. 02-879 AFB, 2004 WL 611127, at *12 (D. Minn. Mar. 4, 2004); <u>see also</u> <u>Barstad v. Murray County</u>, 420 F.3d 880, 883 (8th Cir. 2005) (change of counsel did not constitute good cause to amend the complaint where the deadline for amendments came eight months after plaintiffs obtained new counsel). On the other hand, Continental Cement has provided a good faith reason for the late amendments - new information gleaned from recent discovery.  In addition, denying leave to add the defenses would prejudice Continental Cement significantly.  The failure to obtain a certificate of authority to perform architectural services provides grounds for voiding a

-4-

contract as unenforceable.  Mo. Rev. Stat. § 327.461; <u>Kan. City Cmty. Ctr. v. Heritage Indus., Inc.</u>, 972 F.3d 185, 187-88 (8th Cir. 1992). The failure  to obtain a certificate of authority to conduct business provides grounds for halting a lawsuit.  Mo. Rev. Stat. § 351.574; <u>State ex rel. Carlund Corp. v. Mauer</u>, 850 S.W.2d 357, 364 (Mo. Ct. App. 1993). Given the strength of these defenses, Continental Cement would suffer a greater prejudice than P.F. Technologies if leave to amend were denied.  <u>See</u> <u>Dennis</u>, 207 F.3d at 526 (finding the district court abused its discretion in denying leave to amend the answer, where the additional defense would have "provided a complete defense to liability" against one of plaintiff's claims).

**Additional Counterclaim**

P.F. Technologies also objects to the addition of a counterclaim based on a new legal theory.  "[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, [reviewing] courts are less likely to find an abuse of discretion" in denying the amendments.  <u>Bell</u>, 160 F.3d at 454.  Continental Cement's amendments are not based on new legal theories.  In its original counterclaim, Continental Cement asserted claims of breach of contract and unjust enrichment. (Doc. 25.)  In its amendment, Continental Cement seeks to add a claim for restitution.  "Under Missouri law, a plaintiff is entitled to restitution for unjust enrichment when (1) the defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it would be unjust to allow the defendant to retain the benefit."  <u>PlaNet Prods., Inc. v. Shank</u>, 119 F.3d 729, 733 (8th Cir. 1997).  Given the close link between restitution and unjust enrichment, the amendment to the counterclaim does not add a new and unrelated legal theory.  <u>See id.</u>

**Discovery Deadlines**

Finally, P.F. Technologies argues that it would suffer tremendous prejudice because of looming discovery and mediation deadlines.  P.F. Technologies also argues that an important witness, already deposed, has now relocated to California.  In <u>Dennis</u>, the Eighth Circuit found there

would not have been any undue prejudice from granting a motion to amend, even though the discovery period had closed. <u>Dennis</u>, 207 F.3d at 526. In support of its finding, the court noted a number of ways in which the district court could have tempered the prejudice resulting from reopening discovery. <u>Id.</u> For instance, discovery can be reopened for a limited purpose, allowing the parties to explore only newly added defenses. <u>Id.</u> In addition, the district court has the discretion to order the moving party to pay any costs incurred by the nonmoving party as a result of additional discovery. <u>Id.</u> In this case, the discovery period has not yet closed. More to the point, Continental Cement has indicated further discovery will be unnecessary and that the mediation need not be pushed back.

## IV. CONCLUSION

The circumstances do not justify denying leave to amend. Discovery remains open, neither side has filed dispositive motions, the additional counterclaim does not add new and unrelated legal theories, and denying the additional defenses would be highly prejudicial to Continental Cement. Finally, the trial date remains seven months away. <u>See</u> <u>Dennis</u>, 207 F.3d at 526 (three months before trial, parties had sufficient time to conduct limited discovery and district court abused its discretion by denying leave to amend).

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Continental Cement Company for leave to file its first amended answer and counterclaim (Doc. 64) is sustained.


                          <u>    /S/ David D. Noce        </u>
                          **UNITED STATES MAGISTRATE JUDGE**


Signed on November 1, 2007.